United States District Court
Northern District of Texas
Dallas Division

| | | |
|---|---|---|
| **The Sugar Art, Inc.**, | § | |
| plaintiff, | § § § | |
| v. | § § | civil action no. 3:17-cv-200-M |
| **Confectionery Arts International, LLC,** | § § § § | |
| defendant. | § | |

**Brief in Support of Defendant's Motion to Dismiss or,
in the Alternative, Motion to Transfer Venue**

Confectionery Arts International, LLC (**"Defendant"**) files this brief in support of its motion to dismiss or, in the alternative, motion to transfer venue.

I. **Argument**

A. <u>This Matter Should Be Dismissed for Lack of Personal Jurisdiction</u>

Defendant asks the court to dismiss this action pursuant to Rule 12(b)(2) because this court lacks personal jurisdiction over Defendant.

Defendant is a Connecticut limited liability company with its principal place of business in Connecticut. Plaintiff admits these basic facts in paragraph 2 of its complaint. In light of these facts, this court's exercise of jurisdiction over Defendant would violate due process because Defendant does not have sufficient minimum contacts with Texas, and because exercising jurisdiction here would offend traditional notions of fair play and substantial justice. *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291-92 (1980); *Johnston v. Multidata Sys. Int'l*, 523 F.3d 602, 609 (5th Cir. 2008). Defendant does not have sufficient contacts with Texas to vest in this court either specific or general jurisdiction.

1.  *Specific Jurisdiction*

A court has specific jurisdiction when a plaintiff's cause of action arose from the defendant's contact with the forum state. *ITL Int'l v. Costenla, S.A.*, 669 F.3d 493, 500 (5th Cir. 2012). A court has specific jurisdiction if the defendant committed an act in the forum state, and that act is substantially related to the cause of action alleged in the suit. *See Moncrief Oil Int'l v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007).

Here, however, Plaintiff's claims do not arise out of any contact Defendant had with Texas. To the extent Defendant had any contact with Texas whatsoever, such contact was insufficient to satisfy due process for the exercise of specific jurisdiction.

Plaintiff seeks only two forms of relief in this matter: various declarations relating to Plaintiff's ability to use Defendant's registered mark, and cancellation of Defendant's registered mark. These claims simply do not arise from any contact Defendant has had with Texas. Rather, these claims arise out of *Plaintiff's infringement* on Defendant's mark. In other words, these claims arise not out of *Defendant's* contacts with Texas, but out of *Plaintiff's* contacts with Texas. Plaintiff's activity in Texas is irrelevant to the analysis of whether or not this court should exercise specific jurisdiction, though.

Plaintiff claims that specific jurisdiction should attach because Defendant's Connecticut counsel sent, from Connecticut to Plaintiff's Johnson County, Texas principal office, a "cease and desist" letter demanding that the infringement stop. *See,* Plaintiff's complaint, paragraph 11 (ECF dkt. 1). This is the only act described in Plaintiff's complaint Defendant took "in Texas" in relation to these claims.

The mere sending of a cease and desist letter, however, is insufficient to trigger specific jurisdiction in Texas. *See Stroman Rlty., Inc. v. Wercinski*, 513 F.3d 476, 484-85 (5th Cir. 2008).

Plaintiff claims it can invalidate Defendant's registration for "Disco Dust" in the Northern District of Texas, and not in the State of Connecticut where Defendant is incorporated and has its principal place of business, based purely on this letter. Plaintiff's claims obviously do not arise out of the sending of the cease and desist letter. Rather, Plaintiff's claim for invalidation of the mark arise out of its arguments concerning validity of the mark pursuant to 15 U.S.C. §1119. *See,* Plaintiff's complaint, paragraphs 38 through 44, ECF dkt. 1.

This court simply does not have specific personal jurisdiction over Defendant, as Plaintiff's claims did not arise out of any of Defendant's actions in Texas.

2.   *General Jurisdiction*

A court has general jurisdiction over a defendant when the defendant's affiliations with the forum state are so continuous and systematic as to render it essentially "at home" in the forum state. *Daimler AG v. Bauman*, 571 U.S. 310, 134 S.Ct. 746, 760-61 (2014). A corporate defendant should be considered "at home" where it is incorporated and where it has its principal place of business. *Id.* at 760. Only in "exceptional cases" in which a corporate defendant's contacts are so substantial as to render it at home should a defendant be subject to general jurisdiction outside its state of incorporation and its place of principal office. *Id.* at 761, n. 19. In short and simple terms, it is "incredibly difficult" to establish general jurisdiction outside a corporation's place of incorporation or principal place of business. *Monkton Ins. Servs. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014).

Defendant is organized in Connecticut, and maintains its principal place of business in Connecticut. Plaintiff readily admits these facts in its complaint. Plaintiff has not attempted to allege any "exceptional" circumstances to justify imposing general jurisdiction here, other than claiming that Defendant "offers its products … on its interactive website…" and that Defendant

has placed its products into the "stream of commerce." The examples given, even if they were true, are not "exceptional" in any way, and certainly do not meet the "incredibly difficult" standard to impose general jurisdiction.

Defendant does not offer online ordering of any kind, and Defendant's website is not a store-front for the sale of its products. Defendant's website does contain a product catalog, but directs any person or entity interested in ordering the products to call Defendant's principal place of business in Connecticut. *See* Aff. Czerczak, ¶ 7; app. 3. Contrary to Plaintiff's representation about the stream of commerce and Plaintiff's exhibit "c" to its complaint, Defendant does not utilize Amazon.com as an authorized retailer for its products. In fact, the very exhibit attached to Plaintiff's petition demonstrates that the product there would "ship from and sold by [sic] Amazon.com," not Defendant. Defendant did not authorize Amazon.com to sell its products, and before the Western District Case complaint was filed, Defendant was unaware any of its products were offered for sale by anyone via Amazon.com. Aff. Czerczak, ¶ 8; app. 3-4.

These "contacts" certainly are not exceptional, even if they were true. In light of the Supreme Court's holding in *Daimler*, these types of contacts, i.e. maintaining a generally accessible, interactive website and even having physical contact with the forum, fall "woefully short" of the type of exceptional circumstances necessary to support general jurisdiction. *See Simon v. Republic of Hung*, 37 F.Supp.3d 381, 428 (D.D.C. 2014).

As a result, the exercise of general jurisdiction here would offend traditional notions of fair play and substantial justice. Plaintiff's complaint against Defendant should be dismissed.

B.   This Matter Should Be Dismissed for Improper Service of Process

Defendant asks this court to dismiss Plaintiff's complaint pursuant to Rule 12(b)(4) for improper service of the summons.

To properly serve a corporate entity, a plaintiff must deliver the summons to an agent authorized by appointment or by law to receive service of process for the corporate entity. FRCP (4)(e)(2)(C). The summons must be properly served on the defendant within 90 days after the filing of the complaint. FRCP 4(m).

Here, Plaintiff filed this action on January 23, 2017. Plaintiff attempted service on February 2, 2017. The summons was properly addressed to Defendant, though it failed to identify the registered agent for service, Mark Czerczak. Mr. Czerczak was not in his office when the courier attempted service, so the courier simply left the summons with an employee who is not authorized by appointment or by law to receive service on behalf of Defendant.

For this reason, service of the summons is insufficient, and thus, this court should dismiss Plaintiff's complaint.

C.   This Matter Should Be Dismissed for Improper Venue

Defendant asks the court to dismiss this action pursuant to Rule 12(b)(3) because Plaintiff has intentionally filed it in this court despite there being no basis under 28 U.S.C. §1391 supporting venue in the Northern District of Texas.

Defendant alleges only the general venue statute to support its choice of the Northern District for this suit, but none of the permissive venue options set out in that statute supports venue here. Under the general venue statute, venue is proper in the district (1) where the Defendant resides, or (2) where a substantial part of the claim occurred. If there are no districts that meet

either of those options, venue may be proper in any district in which the defendant is subject to the court's personal jurisdiction. 28 U.S.C. §1391.

Obviously, the Northern District of Texas is not the district in which Defendant resides. It is also not the district in which any of the facts alleged occurred. The only contact Plaintiff alleges Defendant made with Plaintiff is the "cease and desist" letter sent to Plaintiff's Johnson County, Texas office. Johnson County, however, is a county covered by the Fort Worth Division of the Northern District of Texas, not the Dallas Division. Regardless, Defendant does not reside within any Division of the Northern District of Texas.

Defendant is incorporated in the District of Connecticut, and Defendant has its principal place of business in the District of Connecticut. That is the only district in which Defendant resides for purposes of the general venue statute.

Plaintiff's claims did not "occur" in this District, as set out more fully above. Because neither of the first two prongs of §1391 apply, the court is left to analyze venue pursuant to the third prong. However, §1391(b)(3) is clear in its introductory phrase: "if there is no district in which an action may otherwise be brought as provided in this section…." The court can only find venue proper pursuant to the third prong if there is no other district available under the residency or claim occurrence language.

Defendant clearly has a residence, and that residence is wholly contained in the District of Connecticut. Thus, this court cannot rely on the third prong and find permissive venue based on personal jurisdiction alone.

As to that jurisdiction, however, Plaintiff re-iterates its arguments based on a lack of jurisdiction here, as Defendant is not subject to this court's personal jurisdiction.

As such, this court should dismiss this matter for improper venue.

D.	Alternatively, the Court Should Transfer this Action to the District of Connecticut

Alternatively, this court may and should transfer this case to the District of Connecticut, even if venue is proper under 28 U.S.C. §1391, for "convenience" pursuant to 28 U.S.C. 1404(a). On a motion to transfer for convenience, the court considers two broad categories of factors: (1) the convenience of the parties and witnesses, and (2) the interests of justice. *Atlantic Mar. Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 134 S.Ct. 568, 581 (2013).

1.	*Convenience of Witnesses and Parties*

As set out above, Plaintiff here seeks to cancel Defendant's registration in its trademark, and seeks various declarations that Plaintiff can continue to infringe on that mark.

The evidence relating to the mark, including the counsel who applied for the mark, is located in Connecticut. Similarly, the documents surrounding the filing of the mark are all located in Connecticut. All witnesses who will need to testify concerning the creation, application, use in commerce, and enforcement efforts relating to the mark are located in Connecticut.

There are no witnesses, other than Plaintiff, located within this district.

2.	*The Interests of Justice*

This matter stems from a very simple set of facts, which are actually set out in Plaintiff's complaint. On January 24, 2012, the United States Patent and Trademark Office registered the mark for "Disco Dust" for Defendant, noting that such mark was first used in commerce in 1999. In September of 2016, Defendant discovered Plaintiff's infringement with the mark, and on September 14, 2016, Defendant's counsel sent a cease and desist letter to Plaintiff alleging the infringing use. Rather than respond, Plaintiff rushed to court to file this lawsuit, first in the Western District and now here, claiming the mark should be cancelled.

**Brief in Support of Defendant's Motion to Dismiss or,
in the Alternative, Motion to Transfer Venue**, page 7

The interests of justice are not satisfied by this kind of a race to the courthouse. It is obvious that Plaintiff was concerned with the prospect of being sued for the infringement, so it hired counsel in Waco and proceeded to sue first in a district that bears no relationship to the instant dispute.

The interest of justice requires that this matter be transferred to the district where Defendant resides, the District of Connecticut.

E.   This Action Should Be Dismissed for Lack of Subject Matter Jurisdiction

Defendant seeks the dismissal of Plaintiff's claim for cancellation of the registration of Defendant's mark under the Lanham Act pursuant to Rule 12(b)(1), as there is no subject matter jurisdiction for such a claim.

Plaintiff sues for cancellation of Defendant's mark under 15 U.S.C. § 1119, which provides that cancellation is an available remedy in "any action involving a registered mark." This section, however, does not provide an independent basis for federal jurisdiction. *Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 599-600 (9th Cir.); *see also, Nike, Inc. v. Already, LLC*, 663 F.3d 89, 98 (2nd Cir. 2001), aff'd 133 S.Ct. 721 (2013); *Ditri v. Coldwell Banker Resid. Affiliates, Inc.*, 954 F.2d 869, 873 (3rd Cir. 1992); *Windsurfing Int'l Inc. v. AMF, Inc.*, 828 F.2d 755, 758 (Fed. Cir. 1987). There is simply not an independent cause of action created by §1119.

In short, Plaintiff may have had the standing to seek cancellation of the mark had Defendant sued for infringement, there is no independent cause of action for cancellation, and without that cause of action, there is no subject matter jurisdiction here.

Accordingly, Plaintiff's complaint should be dismissed.

**Brief in Support of Defendant's Motion to Dismiss or,
in the Alternative, Motion to Transfer Venue**, page 8

F.   This Action Should Be Dismissed for Failure to State a Claim

Defendant seeks the dismissal of the claims against it pursuant to Rule 12(b)(6) as Plaintiff has failed to state a claim upon which relief can be granted.

To avoid dismissal in the face of a 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also, Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While well-pleaded facts in the complaint are to be accepted as true in the 12(b)(6) context, legal conclusions are not entitled to the assumption of truth. *Id.* at 679. Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005).

Plaintiff here has asserted various "claims" for declaratory relief, but these claims are little more than a restatement of its claim for cancellation of Defendant's registration. A federal court has the power to hear declaratory judgment actions only if the case is otherwise within its subject matter jurisdiction. 28 U.S.C. § 2201(a); *In re B-727 Aircraft*, 272 F.3d 264, 270 (5th Cir. 2001).

This case is not "otherwise within" the court's subject matter jurisdiction, as set out above. The declaratory relief sought is nothing more than an artful way to re-cast Plaintiff's claim for cancellation of Defendant's mark, which is not an independent basis for subject-matter jurisdiction. Because the declaratory judgment claims cannot stand on their own, this matter should be dismissed for the failure to state a claim.

## II. Conclusion

For the reasons set out above, Defendant respectfully requests that this court dismiss Plaintiff's claims in their entirety. Alternatively, Defendant requests that this court transfer venue of this matter to the District of Connecticut. Defendant further requests any such further relief to which it is justly entitled.

Respectfully submitted,

_/s/  Michael Hassett_
Michael Hassett
Texas Bar No. 00796722

JONES HASSETT, PC
440 North Center
Arlington, Texas 76011
telephone (817) 265-0440
facsimile (817) 265-1440
mhassett@tarrantbusinesslaw.com

ATTORNEYS FOR DEFENDANT

### Certificate of Service

The undersigned certifies that a true and correct copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause in accordance with Federal Rule of Civil Procedure 5(b)(2), on this 23rd day of February, 2017.

_/s/ Michael Hassett_