**United States District Court**
**Northern District of Texas**
**Dallas Division**

| | | |
|---|---|---|
| **The Sugar Art, Inc.,** | § | |
| | § | |
| plaintiff, | § | |
| | § | |
| v. | § | civil action no. |
| | § | **3:17-cv-200-M** |
| **Confectionery Arts** | § | |
| **International, LLC,** | § | |
| | § | |
| defendant. | § | |

## Defendant's Motion for Costs

Confectionery Arts International, LLC (**"Defendant"**) files this motion for costs pursuant to Federal Rule Civil Procedure 41(d) against The Sugar Art, Inc. (**"Plaintiff"**).

### I.     Summary

The Sugar Art, Inc. (**"Plaintiff"**) brought the same claims asserted in this suit in a previously dismissed suit filed in the United States District Court for the Western District of Texas.[1]   Pursuant to Rule 41(d), Defendant seeks it costs, including attorney's fees, incurred in connection with the Western District case.

This motion is supported by the affidavit of Mike Czerczak, attached to the appendix filed concurrently with this motion as exhibit "1"; the affidavit of Michael Hassett, attached to the appendix as exhibit "2"; and Plaintiff's notice of voluntary dismissal in the Western District of Texas, attached to the appendix as exhibit "3."

---

[1] Plaintiff's Civil Cover Sheet accompanying its complaint in this matter failed to identify the previously filed Western District action, despite that action being a "related case" as defined by Local Rule 3.3(b)(2).

## II.    Factual Background

On September 30, 2016, Plaintiff brought suit against Defendant in the Western District of Texas, Waco Division, in civil action number 6:16-cv-00390-RP-JCM (the **"Western District Case"**).  Aff. Hassett ¶ 2; app. 6.  Defendant does not maintain any office in Texas.  Defendant is a Connecticut limited liability company with its principal place of business in Connecticut.  Defendant maintains a website at <u>www.confectioneryarts.com</u>, but this website is not a store-front site, and Defendant does not accept online orders for its products.  Aff. Czerczak ¶ 5; app. 3.  No events giving rise to Plaintiff's claim occurred in the Western District of Texas.

In addition to *Defendant's* lack of connection to the Western District of Texas, it appears that the only relationship between *Plaintiff* and the Western District of Texas is the fact that Plaintiff's counsel maintains an office at Baylor Law School in Waco, Texas.

Defendant's counsel had to file a motion to be admitted into the Western District of Texas *pro hac vice*.  Aff. Hassett ¶ 3; app. 7.  Defendant then filed a motion to dismiss on the basis that the court lacked personal jurisdiction over Defendant, the court lacked subject matter jurisdiction, the case was not properly served on Defendant, and venue was not proper in the Western District of Texas.  Aff. Hassett ¶ 6; app. 7.

Plaintiff did not respond to the motion to dismiss in the Western District Case.  Instead, Plaintiff filed a notice of voluntary dismissal in the Western District Case on January 23, 2017.  App. 18-19.  Later that same day, Plaintiff filed an identical complaint in this court.  ECF dkt. 1.  The complaint filed here is word-for-word identical in substance to the complaint filed in the Western District Case.

### III.   **Arguments and Authorities**

A.   <u>Rule 41(d) Authorizes This Court to Order Plaintiff Pay Defendant's Costs</u>

Rule 41(d) of the Federal Rules of Civil Procedure addresses the imposition of costs in a previously dismissed action and states, in its entirety:

> If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:
> (1) may order the plaintiff to pay all or part of the costs of that previous action; and
> (2) may stay proceedings until the plaintiff has complied.

"Costs," within the meaning of Rule 41(d), are understood to include attorneys' fees. *See*, 8 Moore's Federal Practice § 47.10 (2010).  Stated differently, "the majority of courts find that attorney's fees are available under Rule 41(d)."  *Oteng v. Golden Star Res., Ltd*., 615 F.Supp.2d 1228, 1240 (D. Colo. 2009); *see also, Meredith v. Stovall*, 216 F.3d 1087 (10th Cir. 2000); *GAF Corp. v. Transamerica Insurance Co*., 665 F.2d 364, 367 (D.C. Cir. 1981); *Evans v. Safeway Stores, Inc*., 623 F.2d 121, 122 (8th Cir. 1980).  This includes courts within the Fifth Circuit.  *See, Walkaway Canada, Inc. v. You Walk Away, LLC*, 2011 WL 2455734 at *2 (N.D. Tex. May 12, 2011), report and recommendation adopted, 2011 WL 2455716 (N.D. Tex. June 20, 2011) (this Court retains the authority to award attorneys' fees as a condition to bringing the new action); *Goodrum v. United States*, 1993 WL 432346 at *2 (E.D. La. Oct 14, 1993) (ordering plaintiff, under Rule 41(d), to pay attorneys' fees).

The purpose of Rule 41(d) is to protect defendants from undue prejudice or inconvenience arising from indiscriminate filings or forum shopping.  *See, Meredith*, 655 F.2d at 369; *Esquivel v. Arau*, 913 F.Supp. 1382, 1391 (C.D. Cal. 1996); *Ross v. Infinity Ins. Co*., 2013 WL 2495114 at *5 (N.D. PA. June 10, 2013) (stating Rule 41(d) would be a "toothless" deterrent if it did not include attorneys' fees in its assessment); *Caddle Co. v. Beury*, 242 F.R.D. 695, 698 (S.D. Ga.

2007) (to interpret "costs" in Rule 41(d) to exclude attorney's fees would eliminate any deterrence it would provide).

B.    Award of Costs is Appropriate

Plaintiff had no basis to file its case against Defendant in the Western District.  The only justification for such venue was the inconvenience of Defendant and the convenience of Plaintiff's counsel.  Such filing was a complete waste of the parties' and the court's time.  Plaintiff has repeated that action by re-filing the exact same case in the Northern District, with no more a claim to personal jurisdiction or proper venue than the first filing.

Plaintiff's dismissal and re-filing of the same suit has resulted in unnecessary and unfair costs incurred by Defendant.  Plaintiff should be ordered to reimburse Defendant the sum of $8,142.37.  Aff. Hassett ¶ 11; app. 8-9.  This sum represents attorneys' fees of $7,962.50 and expenses of $179.87.

Prayer

Defendant respectfully requests that this court order Plaintiff to pay Defendant's costs incurred in the Western District Case.  In addition, Defendant requests that the Court stay this case until such costs are paid by Plaintiff, as authorized by Rule 41(d).  Defendant further requests any such further relief to which it is justly entitled.

Respectfully submitted,

_____ */s/  Michael Hassett* _____
Michael Hassett
Texas Bar No. 00796722

JONES HASSETT, PC
440 North Center
Arlington, Texas 76011
telephone (817) 265-0440
facsimile (817) 265-1440
mhassett@tarrantbusinesslaw.com

ATTORNEYS FOR DEFENDANT

<u>Certificate of Service</u>

The undersigned certifies that a true and correct copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause in accordance with Federal Rule of Civil Procedure 5(b)(2), on this 23rd day of February, 2017.

_____ */s/ Michael Hassett* _____