United States District Court
Northern District of Texas
Dallas Division

| | | |
|---|---|---|
| **The Sugar Art, Inc.**, | § § § | |
| plaintiff, | § § | |
| v. | § § | civil action no. 3:17-cv-200-M |
| **Confectionery Arts International, LLC,** | § § § § | |
| defendant. | § | |

### Reply to Plaintiff's Response to Defendant's Motion for Costs

Confectionery Arts International, LLC (**"Defendant"**) files this reply to the response of The Sugar Art, Inc. (**"Plaintiff"**) to Defendant's motion for costs.

### I.  Background

Defendant is a Connecticut limited liability company with no place of business in Texas. Plaintiff sued Defendant in the Western District of Texas on September 30, 2016, but did not attempt to serve Defendant until December 21, 2016. At that time, Defendant "served" the summons on Plaintiff by delivering it by courier to a random employee of Defendant, not its registered agent for service or any member or manager of the LLC. Defendant moved to dismiss the Western District case on a number of grounds, including improper venue, improper service, lack of personal jurisdiction, lack of subject matter jurisdiction, and failure to state a claim.

Rather than defend its Western District filing, Plaintiff voluntarily dismissed its Western District case two days before its response to Defendant's motion to dismiss was due. On the same day it dismissed the Western District case, Plaintiff filed this action, asserting identical claims as

those asserted in the Western District. Once again, Plaintiff served the summons in this case by delivering it to the same employee of Defendant, a salesperson who has never been authorized to accept service on Defendant's behalf. Defendant filed yet another motion to dismiss in this court, asserting improper venue, lack of personal jurisdiction, lack of subject matter jurisdiction, and failure to state a claim.

Just as in the Western District case, Plaintiff opted not to defend its filing, choosing instead to again voluntarily dismiss this matter just two days before its response to Defendant's motion to dismiss was due.

At about the same time that Defendant moved to dismiss this case, it filed a motion for costs pursuant to Federal Rule of Civil Procedure 41(d). Plaintiff actually responded to this motion, claiming that costs should be denied because it acted in good faith in filing and then dismissing the two actions against Defendant. Unfortunately for Plaintiff, "good faith" is not dispositive of Defendant's motion, and Plaintiff's actions cannot all be deemed to have been taken in "good faith."

II.     **Argument and Authorities**

A.     "Good Faith" Is Not Dispositive of Defendant's Motion

Plaintiff properly cites to Judge Stickney's opinion in *Walkaway Canada, Inc.* for the proposition that the award of costs pursuant to FRCP 41(d) is discretionary with the court. However, Plaintiff conveniently omits on key prefatory phrase from Judge Stickney's opinion. Judge Stickney keenly pointed out that "[a]lthough **a showing of bad faith is not required for the Court to impose costs**, a showing of good faith may be a factor in the Court's decision not to

impose costs." *Walkaway Canada, Inc. v. You Walk Away, LLC*, 2011 WL 2455734 at *2 (N.D. Tex. May 12, 2011) (emphasis added).

Plaintiff cited the court only to the portion of the quote discussing good faith, but did not cite to the court the very real rule that a showing of bad faith is not required in order for the court to award costs. This is consistent with the plain language of Rule 41(d), which provides that the court "may order the plaintiff to pay all or part of the costs of" any previously dismissed action upon motion of the previously dismissed defendant.

In other words, to be entitled to recover costs associated with a first lawsuit that is dismissed and later re-filed, a party need only show that the identical claims were brought against it a second time and that it incurred costs in obtaining the first dismissal. In fact, Judge Stickney expressly found that the actions in that case "were not taken in bad faith." *Id.* at *3. Nevertheless, Judge Stickney ruled that the defendant there was entitled to recover $12,447.50 in costs associated with the previously dismissed action. *Id.*

Regardless of any showing of "good faith" on the part of Plaintiff here, Defendant is rightfully entitled to recover the costs set out in its motion. Plaintiff's allegations of good faith are not dispositive of Defendant's motion.

B.   <u>Plaintiff Did Not Act in Good Faith</u>

Plaintiff claims that it dismissed the Western District case and re-filed it here in good faith in an effort to cure the defective service complaint Defendant raised in its motion to dismiss in the Western District case. Plaintiff further claims that it acted in good faith in filing these two lawsuits in Texas because Plaintiff "believed" it would be able to substantiate its own "beliefs" that Defendant could be properly subjected to personal jurisdiction in Texas based on its commercial

activities. Neither of these arguments can be viewed as establishing any kind of "good faith" in filing and dismissing two lawsuits against Defendant in Texas.

    1.    *Plaintiff's Failure to Properly Serve Defendant Does Not Establish Good Faith*

In the Western District case, Plaintiff filed suit and did not attempt service on Defendant for approximately 82 days. When service was attempted, the summons was delivered to a salesperson named Robin Myers, despite Ms. Myers not being an agent authorized for such service. On January 11, 2017, Defendant moved to dismiss the Western District case based, in part, on improper service. On January 23, 2017, Plaintiff both dismissed the Western District case and re-filed the exact same claims here.

In its response to Defendant's motion for costs, Plaintiff claims that the first dismissal was in good faith "because Sugar Art attempted to resolve a ground – improper service – on which CAI had moved to dismiss." *See*, Plaintiff's brief in support, ECF No. 17, page 4. If Plaintiff was truly intent on curing the alleged improper service by way of this second filing, it would have *properly* served Defendant in this case. Instead, Defendant filed this case and served the summons in the exact same improper manner as in the Western District case – by delivering the summons to Ms. Robin Myers. Plaintiff's own actions disprove its allegation of good faith, as Plaintiff simply repeated its improper service in a different forum, obviously intent on forcing Defendant again have to defend the same claims in a different proceeding without the benefit of a ruling from the court on the original motion.

2.   *Plaintiff Had No Good Faith Reason for Filing Suit in Texas*

Plaintiff next argues that it acted in good faith because it believed it would discover facts that would justify an argument for personal jurisdiction to attach to Defendant in each of the Texas cases. The evidence of this "good faith" are two declarations that provide the court with nothing more than the subjective "beliefs" of both Defendant and its counsel.

Specifically, Plaintiff supports its response with the declaration of Edward Frys, the owner of Plaintiff. In this declaration, Mr. Frys informs the court that, prior to filing the Western District case, he "believed" that Defendant "sells its products to distributors in the Western District of Texas." Mr. Frys further avers that he "believed" he "would be able to obtain evidence in support of these beliefs." *See,* Frys dec. paragraph 4, Plaintiff's appendix, page 10 (ECF 18). Things came up and Mr. Frys did not have time to gather the evidence he believed he could find.

Subjective beliefs, without any indication that those beliefs were formed after a reasonable investigation, should not be considered by this court as evidence of good faith. What the real evidence demonstrates in this matter is a timeline that looks like this:

- September 14, 2016 – Defendant writes a letter to Plaintiff demanding Plaintiff cease the use of Defendant's registered trademark;

- September 30, 2016 – Plaintiff files suit in the Western District of Texas;

- December 21, 2016 – Plaintiff attempts service in the Western District of Texas by serving an employee not authorized to accept service on Defendant's behalf;

- January 11, 2017 – after Defendant's counsel moves for admission pro hac vice in the Western District, Defendant moves to dismiss the Western District case on a number of grounds, including lack of personal jurisdiction and improper service;

- January 23, 2017 – Plaintiff voluntarily dismisses the Western District case while nearly simultaneously re-filing the same claims against Defendant in the Northern District;

- February 2, 2017 – Plaintiff again serves the same employee as in the Western District case, an employee not authorized to accept service on behalf of Defendant;

- February 22, 2017 – Defendant again moves to dismiss Plaintiff's claims on various grounds, including lack of personal jurisdiction and improper service; and

- March 15, 2017 – Plaintiff voluntarily dismissed its claims for the second time.

As this timely demonstrates, Plaintiff apparently had no intention of litigating its claims from the beginning. Rather, Plaintiff utilized the courts in both the Western and the Northern Districts to delay and harass Defendant, causing Defendant to incur expenses in moving to dismiss these claims twice. Plaintiff never even incurred the expense associated with actually addressing the defects raised in Defendant's two motions to dismiss, because Plaintiff opted to voluntarily dismiss both actions without submitting any response whatsoever.

The actions of Plaintiff in these two cases do not warrant a finding of "good faith," but rather demonstrate that the sole result of these two filings has been the expenditure of significant time and expense by Defendant for little or no reason. Perhaps the court may believe that the timeline and filings do not warrant an outright finding of *bad* faith. In that case, however, the court should still award Defendant its costs pursuant to Rule 41, as set out above.

Prayer

Defendant respectfully requests that the court order Plaintiff to pay Defendant's costs incurred in the Western District case in the amount of $8,142.37 and award Defendant any such further relief to which it is justly entitled.

Respectfully submitted,

     */s/ Michael Hassett*
Michael Hassett
Texas Bar No. 00796722
JONES HASSETT, PC
440 North Center
Arlington, Texas 76011
telephone (817) 265-0440
facsimile (817) 265-1440
mhassett@tarrantbusinesslaw.com
ATTORNEYS FOR DEFENDANT

Certificate of Service

The undersigned certifies that a true and correct copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause in accordance with Federal Rule of Civil Procedure 5(b)(2), on this 29th day of March, 2017.

     */s/ Michael Hassett*